**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **TERRY LEE MORRIS,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 4:26-CV-796-P** |
| | § | |
| **GEORGE GALLAGHER, ET AL.** | § | |
| | § | |
| **Defendants.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE REGARDING DISMISSAL OF PLAINTIFF'S COMPLAINT**

On June 26, 2026, *pro se* Plaintiff Terry Lee Morris ("Morris") filed a Complaint [doc. 1] against Defendants George Gallagher, Scott Wisch, Sharon Wilson, Pamela Boggess, Andrea Risinger, Lisa Mullen, Texas Department of Criminal Justice Officials, Texas Board of Pardons and Paroles Members, and William H. Ray (collectively "Defendants"). In his Complaint, Plaintiff alleges various civil rights violations pursuant to 42 U.S.C. § 1983. (Plaintiff's Complaint ("Pl.'s Compl.") at 2-12.) The basis of Plaintiff's § 1983 claims all stem from his trial, conviction, and subsequent appeal during June of 2016. (*See* Pl.'s Compl. at 9-10.) Specifically, Plaintiff makes allegations that he was wrongfully electrocuted in court, the state wrongfully convicted him of a child sex offense, and there were various irregularities with his trial and appeal. (*See id.*)

In an order dated June 30, 2026, Plaintiff was granted leave to proceed *in forma pauperis* ("IFP") [doc. 8]. Section 1915 of Title 28 of the United States Code sets forth provisions for claimants proceeding IFP. Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court shall, *sua sponte*, dismiss a case proceeding IFP if the court determines that it is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief can be granted when, assuming that all the allegations in the complaint are true even if doubtful in fact, such

allegations fail to raise a right to relief about the speculative level. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citations omitted). An "in forma pauperis complaint[] may be dismissed as frivolous if [it] seek[s] to relitigate claims that allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the plaintiff." *Pittman v. Moore*, 980 F.2d 994, 994 (5th Cir. 1993).

The Court finds that summary dismissal of this action is appropriate because Morris's allegations are duplicative of the exact allegations that he has raised across numerous suits since 2016, all involving him being wrongfully electrocuted in court, the state wrongfully convicting him of a child sex offense, and there being various irregularities with his trial and appeal. [1] All of Morris's prior cases ended with dismissal based on the frivolous nature of his claims or due to procedural defects. Nonetheless, Morris filed this action "in forma pauperis . . . seek[ing] to relitigate claims that allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by" Plaintiff at least nine times. *See Pittman*, 980 F.2d at 994. Accordingly, the Court **FINDS and CONCLUDES** that this case should **DISMISSED**, *sua sponte*, for being frivolous.

## RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that this case be **DISMISSED WITH PREJUDICE** for being frivolous.

---

[1] *Morris v. Gallagher*, 4:22-cv-1016-Y (N.D. Tex.); *Morris v. Lumpkin, et al.*, 4:22-cv-102-P (N.D. Tex.); *Morris v. Gallagher*, 4:22-cv-89-O (N.D. Tex.); *Morris v. Gallagher, et al.*, 4:21-cv-1248-O (N.D. Tex.); *Morris v. Gallagher, et al.*, 4:21-cv-1240-O (N.D. Tex.); *Morris v. Gallagher*, et al., 4:21-cv-463-O (N.D. Tex.); *Morris v. State of Texas, et al.*, 4:16-cv-753-O (N.D. Tex.); *Morris v. State of Texas*, 4:16-cv-352-O (N.D. Tex.); *Morris v. Gallagher, et al.*, 4:16- cv-274-O (N.D. Tex.).

**NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT**

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a de novo determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendations to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Services Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

**ORDER**

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **July 14, 2026**, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED June 30, 2026.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE